UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. SCHOEN, MARY J. NESBIT, ROBIN L. ROSEWICZ, GEORGE E. POOLE, JAMES E. SWARTZ, JR., JOHN SOUZA, AND KAREN SOUZA, individually and as representatives of a class of participants and beneficiaries of the Allegheny Technologies Incorporated Pension Plan;<br><br>      Plaintiffs<br><br>  v.<br><br>ATI INC., THE ALLEGHENY TECHNOLOGIES INCORPORATED PLAN ADMINISTRATIVE COMMITTEE, STATE STREET GLOBAL ADVISORS TRUST CO., AND JOHN DOES 1–5;<br><br>      Defendants. | Case No. 2:24-cv-01109-KT |

**STATE STREET GLOBAL ADVISORS TRUST CO.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

  The portion of the Report and Recommendation in *Piercy v. AT&T Inc.*, No. 24-10608 (D. Mass. Aug. 29, 2025) ("R&R") that addresses arguments by State Street Global Advisors Trust Co. ("SSGA Trust Co.") is persuasive and supports dismissal of the Complaint under Rule 12(b)(6) here. Plaintiffs claim the contrary, asserting that the R&R (i) commits error by applying the heightened pleading standard articulated in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014), which Plaintiffs contend applies only in the limited context of public company employee stock ownership plans (ESOPs), and (ii) is inapplicable to the facts here. Plaintiffs are incorrect on both counts.

  Just last year—ten years after *Dudenhoeffer* was decided—the Third Circuit made clear the standard for pleading an ERISA fiduciary-breach case, based on all of the Supreme Court precedent (including *Dudenhoeffer*): "the [Federal] Rules require dismissal when fiduciary

1

defendants offer an alternative explanation for their conduct that is obvious, natural, or simply more likely than the plaintiff's theory of misconduct." *Mator v. Wesco Distrib., Inc.*, 102 F.4th 172, 184 (3d Cir. 2024) (quotations and citations omitted).

That is plainly the case as to SSGA Trust Co.'s selection of Athene here, just as the R&R found as to the AT&T pension plan. The R&R explains at length that plaintiffs there—as Plaintiffs here—rely on entirely misguided conjecture based on irrelevant stock holdings of funds managed by SSGA Trust Co. affiliates and simply ignore that one factor that the DOL identifies as relevant to the selection of an annuity provider for a PRT is the use of separate accounts. R&R at 75–80. And most fundamentally, the R&R explains that, at its core, plaintiffs there—as Plaintiffs here— effectively seek to have Athene barred from the PRT market, R&R at 65, a conclusion that does not form the basis of a plausible allegation of breach for using Athene, one of the leading annuity providers in this market, which is heavily regulated by state insurance laws and commissioners. As the R&R persuasively explains, the DOL's Employee Benefits Security Administration just last year looked at all the same assertions that Plaintiffs make, and declined to bar Athene or any insurer like it from the PRT market or to even modify already existing oversight of such insurers. R&R at 65–68. The allegations of a breach of ERISA's fiduciary duties for doing exactly what the DOL carefully reviewed is implausible under any standard, be it formulated by the Third Circuit in *Mator* or the Supreme Court in *Dudenhoeffer*.

Plaintiffs are wrong in any event about the R&R's use of the *Dudenhoeffer* standard. In *Dudenhoeffer*, the Court held that to "state a claim for breach of the [ERISA] duty of prudence on the basis of inside information, a plaintiff must *plausibly allege an alternative action that the defendant could have taken* that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the

[ESOP] than to help it." 573 U.S. 409, 428 (2014) (emphasis added). The Court instructed that lower courts consider "three points [to] inform the requisite analysis"—the third being "whether the complaint has plausibly alleged that a prudent fiduciary . . . could not have concluded" that the action taken was appropriate. *Id.* at 428–30. Plaintiffs argue that the R&R's invocation of this third consideration is tantamount to the application of *Dudenhoeffer's* heightened pleading standard. Dkt. No. 94 at 2–3. That is wrong. *Dudenhoeffer's* standard is heightened only insofar as it requires a plaintiff to "plausibly allege an alternative action that the defendant could have taken." *See Hughes v. N.W. Univ.* (*Hughes II*), 63 F. 4th 615, 627 (7th Cir. 2023) (identifying "*Dudenhoeffer's* heightened pleading standard") (quotations omitted). Providing texture to that analysis, the Court has subsequently observed that, because "the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs[,] . . . courts must give due regard to the range of reasonable judgments a fiduciary may make." *Hughes v. NW Univ.* ("*Hughes I*"), 595 U.S. 170, 177 (2022).

Plaintiffs' argument is that selecting Athene is outside of the range of reasonable judgments a fiduciary may make, even though regulators have long allowed it to operate in the PRT market and the DOL looked extensively at the very issues Plaintiffs raise here. As the R&R explained, the allegation that some other insurers might be more creditworthy than Athene does not raise an inference that SSGA Trust Co. "must have overlooked or mis-weighed [the IB 95-1] factors." R&R at 77–78. Thus, the R&R correctly determined that the plaintiffs have not plausibly alleged a breach, given the "obvious" "alternative explanation" that SSGA Trust Co.'s prudent and loyal process appropriately led to the selection of Athene. *See Mator*, 102 F.4th at 184.[1] The same is true here.

---

[1] Plaintiffs assert without support that "[u]nder the correct pleading standard, if even a single

3

Finally, Plaintiffs' attempt to distinguish their factual allegations from those addressed in the R&R should be rejected. As SSGA Trust Co. has already explained, the "several specific insurers that recently collapsed," Dkt. No. 94 at 4, are not apt comparators to Athene because they "were in materially different financial positions than Athene at the time they failed," Dkt. No. 55 at 21 n.43, and were just a fraction of its size. Dkt. No. 58 at 18 n. 40. And Plaintiffs' "comparisons between Athene's ModCo practices and growth rate in liabilities and those of competitors", Dkt. No. 94 at 4, are meaningless where Plaintiffs do not make any allegations inconsistent with the reported fact that Athene's risk-based capital ratio (RBC)—the primary measure by which insurance regulators evaluate the capital adequacy of insurers—is double what regulators require and larger than those of Plaintiffs' preferred annuity providers. Dkt. No. 55 at 16; Dkt. No. 58 at 17 n.35.[2]

---

factor would plausibly cause a prudent fiduciary to conclude that Athene was not a reasonable choice, then it is irrelevant if other factors might favor Athene." Dkt. No. 94 at 4. As the R&R observes, this argument cannot be squared with the holding of *Bussian v. RJR Nabisco, Inc.*:

> [A] proper investigation of potential annuity providers will reveal that each has its own "warts." We do not view the presence of such blemishes, by itself, to be sufficient to cause a fiduciary to eliminate those providers from further consideration. The issue is whether a provider's warts, viewed qualitatively and quantitatively, are such that a prudent person in like circumstances would determine that the purchase of that provider's annuity was not in the best interests of plan beneficiaries and participants.

Dkt. No. 94 at 68 (quoting 223 F.3d 286, 302 (5th Cir. 2000)).

[2] It bears noting that Plaintiffs make no effort to distinguish the allegations in support of their loyalty and prohibited transaction claims, which are identical to those of the AT&T plaintiffs' and which the R&R recommended be dismissed.

4

Dated: September 11, 2025										Respectfully submitted,

/s/ *James O. Fleckner*
James O. Fleckner (*pro hac vice*)
Alison V. Douglass (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com

Benjamin S. Reilly (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: (202) 346-4000
Fax: (202) 346-4444
BReilly@goodwinlaw.com

*Counsel for State Street Global Advisors Trust Company*

**CERTIFICATE OF SERVICE**

    I, James O. Fleckner, certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 11, 2025.

| | |
|---|---|
| Dated: September 11, 2025 | /s/ *James O. Fleckner* <br> James O. Fleckner |