UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. SCHOEN, MARY J. NESBIT, ROBIN L. ROSEWICZ, GEORGE E. POOLE, JAMES E. SWARTZ, JR., JOHN SOUZA, AND KAREN SOUZA, individually and as representatives of a class of participants and beneficiaries of the Allegheny Technologies Incorporated Pension Plan; <br><br> Plaintiffs <br><br> v. <br><br> ATI INC., THE ALLEGHENY TECHNOLOGIES INCORPORATED PLAN ADMINISTRATIVE COMMITTEE, STATE STREET GLOBAL ADVISORS TRUST CO., AND JOHN DOES 1–5; <br><br> Defendants. | Case No. 2:24-cv-01109-KT |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants respectfully apprise the Court of a recent Decision and Order in *Bueno v. General Electric Company*, Case No. 1:24-cv-00822-GTS-DJS, Dkt. 102 (attached as **Exhibit 1**), dismissing ERISA claims materially identical to those Plaintiffs assert here because the plaintiffs failed to plausibly allege Article III standing.

**First**, the court held plaintiffs failed to show "immediate, concrete injury" by alleging the challenged PRT "reduced the present value of [their] benefits." Ex. 1 at 22. The court found "the mere action of engaging in a PRT does not cause a legally cognizable injury" because (i) "the decision to engage in a PRT" is "a settlor rather than a fiduciary" decision, and (ii) "any loss of ERISA protections as a result of a PRT cannot be considered to be a legal injury because ERISA explicitly permits employers to terminate their pension plans through a PRT." *Id.* at 23. The court also held plaintiffs failed to plausibly allege "the value of their benefits was actually diminished"

1

because they admittedly were entitled to receive the same amount of benefits before and after the PRT, and allegations that Athene is less "creditworthy" or more risky than other annuity providers amounted to allegations of *future* injury, rather than immediate injury.[1]

**Second**, the court held Supreme Court authority forecloses any argument that the allegation of breach of fiduciary duty is, by itself, sufficient to establish an injury for the purposes of Article III standing. Ex. 1 at 25-26 (citing *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)). This authority makes clear that "standing can only exist where there is some concrete harm that occurs to a plaintiff as a result of a breach of fiduciary duty (or any other claim)." Ex. 1 at 26. The plaintiffs failed to allege any such harm.

**Third**, the court held plaintiffs did not establish Article III standing by alleging the challenged PRT substantially increased the risk that they would not receive the full amount of their benefits. Ex. 1 at 32. The court concluded that under *Thole* a plaintiff must allege a future harm is either "certainly impending or there is a substantial risk that such harm will occur." *Id.* at 34. A plaintiff does not satisfy that requirement by alleging only that there is a "substantially increased" risk of harm. *Id.* Under *Thole*'s standard, the court carefully addressed plaintiffs' allegations concerning Athene's separate and general accounts, its reinsurance practices, and its surplus-to-liability ratios, and concluded "Plaintiffs have not alleged facts to plausibly suggest that Athene is at a substantial risk of defaulting on its obligation related to the annuity here in a manner that meets

---

[1] The court rejected the reasoning in *Piercy v. AT&T Inc.*, 2025 WL 2505660 (D. Mass. Aug. 29, 2025), which found a PRT constituted a present injury because the change to a less creditworthy source of payment created a substantially increased risk of default. As the court correctly observed, "the *Piercy* court fails to cite any authority to substantiate that 'substantially increased risk' is a valid basis for a present injury specifically[.]" Ex. 1 at 24 n.2. Furthermore, "*Thole* never classifies any 'substantially increased risk' as a present injury," and the *Piercy* court "off-handedly reject[s] any such notion that the relevant injury is a future one as opposed to a present one, even when the plaintiffs themselves attempt to frame the harm as a future injury[.]" *Id.*

the imminence requirement."[2]

The *Bueno* decision provides additional support for dismissal of Plaintiffs' complaint for lack of Article III standing, and the Court should grant Defendants' motions to dismiss.

Dated: September 26, 2025

Respectfully submitted,

By: /s/ *Christopher J. Boran*
Christopher J. Boran (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T. 312.324.1000
F. 312.324.1001
christopher.boran@morganlewis.com

Jeremy P. Blumenfeld
Jared R. Killeen
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street, Philadelphia, PA 19103-3007
T. 215.963.5000
F. 215.963.5001
jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com

Alexa Beining (PA 330371)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Floor 32
Pittsburgh, PA 15219-6401
T. 412.560.7014
F. 412.560.7001
alexa.beining@morganlewis.com

*Counsel for Defendants ATI, Inc. and the Allegheny Technologies Incorporated Pension Plan Administrative Committee*

By: /s/ *James O. Fleckner*
James O. Fleckner (*pro hac vice*)

---

[2] The court distinguished its analysis from *Konya v. Lockheed Martin Corp.*, 2025 WL 962066 (D. Md. Mar. 28, 2025), which "did not address many of the above points on which the Court bases its finding, either because it interpreted or balanced those allegations in a different manner, or because those specific allegations about Athene simply were not present in the complaint in Konya." Ex. 1 at 43.

3

>Alison V. Douglass (*pro hac vice*)
>GOODWIN PROCTER LLP
>100 Northern Avenue
>Boston, MA 02210
>Tel.: (617) 570-1000
>Fax: (617) 523-1231
>JFleckner@goodwinlaw.com
>ADouglass@goodwinlaw.com
>
>Benjamin S. Reilly (*pro hac vice*)
>GOODWIN PROCTER LLP
>1900 N Street, NW
>Washington, DC 20036
>Tel.: (202) 346-4000
>Fax: (202) 346-4444
>BReilly@goodwinlaw.com
>
>*Counsel for State Street Global Advisors Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to counsel of record.

/s/ *Christopher J. Boran*
Christopher J. Boran